**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES BROOKS,

    Plaintiff,

        v.

JCS LOGISTICS, INC., and
MICHAEL J. CARTY,

    Defendants.

NO. 3:18-CV-0097

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Motion to Dismiss (Doc. 6) filed by Defendants JCS Logistics, Inc. ("JCSL") and Michael J. Carty ("Carty") (collectively, where appropriate, "Defendants"). Plaintiff James Brooks ("Brooks" or "Plaintiff"), a minority JCSL shareholder, commenced this action against JCSL and Carty asserting claims for violation of § 1508 of the Pennsylvania Business Corporation Law, 15 Pa. C.S.A. § 1101 *et seq.*, and breach of fiduciary duty. Defendants have now moved to dismiss this action. Because Plaintiff fails to state a claim under 15 Pa. C.S.A. § 1508, Defendants' motion to dismiss will be granted in part and Count I of the Complaint will be dismissed without prejudice.

## **I. Background**

The facts as alleged in the Complaint are as follows:

JCSL is a closely-held Pennsylvania corporation. (*See* Doc. 1, ¶ 16). Brooks is the President of JCSL and a minority shareholder, owning twenty-five percent (25.00%) of all outstanding shares of JCSL stock. (*See id.* at ¶ 17). Carty is the Secretary and Treasurer of JCSL and owns a majority of all outstanding shares of JCSL stock. (*See id.* at ¶ 18).

JCSL and Carty have failed and/or refused to adhere to certain corporate formalities such as: (1) failing to hold meetings of all JCSL shareholders on a regular

basis, whether annually or otherwise; (2) refusing to distribute JCSL's profits to its shareholders; and (3) refusing to provide JCSL shareholders with annual financial statements. (*See id*. at ¶¶ 20(a)-(c)). Despite demands by Plaintiff, Defendants: (1) withheld distributions from Plaintiff and/or adopted a "no-dividend" policy; (2) denied Plaintiff access to corporate records and information; and (3) refused to furnish Plaintiff with annual financial statements. (*See id*. at ¶¶ 21(a)-(c)).

By letter dated July 26, 2016, Brooks, through his counsel, demanded Defendants furnish him with certain information regarding JCSL's corporate affairs and financial condition. (*See id*. at ¶ 23). Plaintiff's First Demand was sent to both Defendants simultaneously by regular and certified mail to JCSL's Registered Office. (*See id*. at ¶ 24). The regular mailing was returned and marked with "Not Deliverable as Addressed." (*See id*. at ¶ 24(a)). The certified mailing was delivered on August 4, 2016. (*See id*. at ¶ 24(b)).

Brooks sent a Second Demand to Defendants, again through counsel, by letter dated September 12, 2016. (*See id*. at ¶ 25). Plaintiff's Second Demand was sent simultaneously by regular and certified mail to JCSL's Registered Office. (*See id*. at ¶ 26). The regular mailing was not returned. (*See id*. at ¶ 26(a)). The certified mailing was returned and marked with "Not Deliverable as Addressed." (*See id*. at ¶ 26(b)). Plaintiff also forwarded a copy of his Second Demand to Defendants' counsel by facsimile. (*See id*. at ¶ 27).

Both of Plaintiff's written Demands state the purpose for which the inspection was sought, which purpose was related to Plaintiff's interest as a JCSL shareholder. (*See id*. at ¶ 28; Exs. "A"-"B" (requesting "full information regarding the status of JCSL and its financial condition" and noting that Defendants had "withheld distribution of profits")). Defendants refused Plaintiff's written Demands and/or failed to respond within five (5) business days as required by the Pennsylvania Business Corporation Law. (*See* Doc 1, ¶ 29).

Based on the foregoing, Plaintiff commenced this action against Defendants on

January 12, 2018. (*See id*., *generally*). Plaintiff asserts claims for inspection of corporate records pursuant to 15 Pa. C.S.A. § 1508(c) (Count I) and breach of fiduciary duty (Count II). (*See id*.). Defendants filed a motion to dismiss on May 21, 2018. (*See* Doc. 6, *generally*). The motion to dismiss is now fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## III. Discussion

Defendants raise two arguments in their motion to dismiss. First, Defendants

3

contend that the action is subject to dismissal based on a forum selection clause in the terms of a Buy-Sell Agreement between the parties. Second, Defendants assert that Plaintiff fails to state a claim in Count I of the Complaint for a violation of 15 Pa. C.S.A. § 1508. Those arguments will be addressed in turn.

**A. Forum Selection.**

Defendants first seek dismissal of this action pursuant to the terms of a forum selection clause in the parties' Buy-Sell Agreement by which restrictions were placed on Brooks' ability to transfer his JCSL stock. (*See* Doc. 6, Ex. "A"). The forum selection clause states: "Venue for any disputes involving this Agreement shall be in the Court of Common Pleas of Carbon County, Pennsylvania and shall be heard by a judge and the parties waive their right to trial by jury." (*Id*. at § 6.09). In opposition, Plaintiff argues that the forum selection clause is not implicated here because the instant dispute does not involve the Buy-Sell Agreement. (*See* Doc. 10, 8-9).

"'[A] forum clause will govern only if it applies to the dispute at hand.'" *Attain, LLC v. Workday, Inc.*, No. 17-3499, 2018 WL 2688299, at *3 (E.D. Pa. June 4, 2018) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (4th ed. April 2018 update)). "The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997) (Alito, J.). Thus, the court "applies the principles of contract law" to determine " 'whether the claims and parties involved in the suit are subject' to the clause." *Collins on behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 180 (3d Cir. 2017) (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014)).

Plaintiff's claims are not governed by the forum selection clause, so the action will not be dismissed on this ground. First, Plaintiff's claim under § 1508 of the Business Corporation Law does not involve the Buy-Sell Agreement. Rather, that claim is based on protections for shareholders provided by Pennsylvania statutory law.

4

*See* 15 Pa. C.S.A. § 1508(b)-(c).[1] Nor does the Buy-Sell Agreement govern Plaintiff's breach of fiduciary duty claim. "Pennsylvania law imposes [ ] a fiduciary duty on . . . majority shareholders in their dealings with minority shareholders." *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 249 F.3d 79, 105 (3d Cir. 2001) (citing *Ferber v. Am. Lamp. Corp.*, 469 A.2d 1046, 1050 (Pa. 1983)). Under Pennsylvania law, "'majority stockholders occupy a quasi-fiduciary relation toward the minority which prevents them from using their power in such a way as to exclude the minority from their proper share of the benefits accruing from the enterprise.'" *Ferber*, 469 A.2d at 1050 (quoting *Hornbsy v. Lohmeyer*, 72 A.2d 294, 298 (Pa. 1950)). Plaintiff's breach of fiduciary duty claim, based on his status as a minority shareholder, exists as a matter of Pennsylvania law without reference to and without "involving" the terms of the Buy-Sell Agreement. In other words, Plaintiff's breach of fiduciary duty claim against Defendants lies not by virtue of the Buy-Sell Agreement but rather is imposed by "social policy" governing the relationship between majority and minority shareholders. *See, e.g.*, *Bohler-Uddeholm*, 247 F.3d at 105. The forum selection clause does not govern the claims set forth in the Complaint.

**B.     15 Pa. C.S.A. § 1508.**

In addition, Defendants move to dismiss Count I of the Complaint, which asserts that Defendants violated the Pennsylvania Business Corporation Law, 15 Pa. C.S.A. § 1101 *et seq.*, when they refused and/or failed to respond to Plaintiff's requests to inspect JCSL's corporate records.

Section 1508(b) of the Business Corporation Law provides:

> **Right of Inspection.** -- Every shareholder shall, upon written verified demand stating the purpose thereof, have a right to examine, in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books and records of account, and records of the proceedings of the incorporators, shareholders and

---

[1] But, for the reasons explained in Part III.B, Count I of the Complaint will be dismissed without prejudice.

5

> directors and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to the interest of the person as a shareholder. In every instance where an attorney or other agent is the person who seeks the right of inspection, the demand shall be accompanied by a verified power of attorney or other writing that authorizes the attorney or other agent to so act on behalf of the shareholder. . . .

15 Pa. C.S.A. § 1508(b). If a shareholder's demand for inspection under § 1508(b) is refused or ignored, he or she may seek relief under § 1508(c):

> **Proceedings for the enforcement of inspection by a shareholder.** -- If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a shareholder or attorney or other agent acting for the shareholder pursuant to subsection (b) or does not reply to the demand within five business days after the demand has been made, the shareholder may apply to the court for an order to compel the inspection. . . .

15 Pa. C.S.A. § 1508(c). "Prior to instituting such a proceeding, the shareholder must first establish that the purpose for which inspection is sought is proper and that he or she has complied with the requirements in § 1508(b) for making an inspection demand. Thereafter, the burden of proving that the inspection was for an improper purpose falls on the corporation." *Tyler v. O'Neill*, 994 F. Supp. 603, 609 (E.D. Pa. 1998) (citations omitted).

The § 1508(c) claim will be dismissed for two reasons. For one, in their motion to dismiss, Defendants raised the issue that the Demands did not satisfy the requirements of § 1508(b). (*See* Doc. 7, 9-10). Plaintiff did not respond to this argument. (*See* Doc. 10, *generally*). Accordingly, this portion of Defendants' motion to dismiss is unopposed and the claim is subject to dismissal on this ground. *See* M.D. Pa. L.R. 7.6; *see also Tambasco v. United States Dep't of Army*, No. 17-1857, 2018 WL 1203466, at *2 (M.D. Pa. Mar. 8, 2018); *Sikkelee v. Precision Airmotive Corp.*, No. 07-886, 2011 WL 1344635, at *4 (M.D. Pa. Apr. 8, 2011) (dismissing claims as unopposed when the plaintiff failed to respond to arguments made by the defendants in support of their motion to dismiss); *Lada v. Delaware Cnty. Cmty. Coll.*, No. 08-4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs

who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); *Mussari v. Jermyn Borough*, No. 07-948, 2007 WL 3231800, at *2 (M.D. Pa. Oct. 31, 2007).

Moreover, Plaintiff failed to plead facts in the Complaint showing compliance with the requirements of § 1508(b) when he demanded to inspect and copy JCSL's records. Attached to the Complaint are two written Demand letters Plaintiff sent to Defendants. (*See* Doc. 1, Exs. "A"-"B"). Both Demands were sent to Defendants by Plaintiff's counsel. (*See id.*). While § 1508(b) contemplates a demand for inspection by a shareholder's attorney, *see* 15 Pa. C.S.A. § 1508(b) ("In every instance where an attorney . . . is the person who seeks the right of inspection . . ."), the statute makes clear that "the demand shall be accompanied by a verified power of attorney or other writing that authorizes the attorney or other agent to so act on behalf of the shareholder." *Id*. No power of attorney or other writing is attached to the Demands evidencing counsel's authority to act on Plaintiff's behalf, and the Complaint is devoid of any other facts suggesting Plaintiff satisfied this requirement. *Cf. Tyler*, 994 F. Supp. at 609 (letter from counsel demanding to inspect and copy the books that was accompanied by a verified power of attorney sufficient to state a claim under § 1508(c)). Accordingly, Count I of Plaintiff's Complaint will be dismissed.[2]

### IV. Conclusion

For the above stated reasons, the motion to dismiss will be granted in part and denied in part. Plaintiff's claim pursuant to 15 Pa. C.S.A. § 1508(c) will be dismissed without prejudice. The motion to dismiss will be denied in all other respects.

An appropriate order follows.

| | |
|---|---|
| July 20, 2018<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

---

[2] Count I will be dismissed without prejudice to allow Plaintiff to either re-plead facts that his demand complied with the requirements of § 1508(b) or to re-assert such a cause of action after those requirements have been met.